### DUFAU *vs.* DEFLECHIER'S SYNDIC.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The appeal must be dismissed, if the pleadings and evidence on the record, do not enable the Supreme Court to test the correctness of the decision of the first judge.

Whether any creditor may appeal from a judgment against the syndics?— *Quere.*

On the 21st June, 1824, judgment was rendered in favor of the plaintiff for a rescission of a sale of a plantation and slaves, which he had made to the insolvent.

EASTERN DIST.
January, 1832.
DURAN
vs.
DEFLECHIER'S
SYNDICS.

On the 13th November, 1830, an appeal was allowed from this judgment, on the application of a minor child of the insolvent, setting forth that she was a minor at the rendition of the judgment, yet a minor, and mortgage creditor of the insolvent.

*Dennis*, for appellant. *Moreau* for appellee.

*Martin, J.* delivered the opinion of the court.

Celestine Deflechier, one of the minor daughters, and a mortgage creditor of the insolvent, is appellant from a judgment, by which the plaintiff and appellee, obtained the rescission of the sale of a plantation and slaves, by him sold to the insolvent: the syndics not having appealed, and six years having elapsed since the rendition of the judgment. Her counsel, unable to establish her claim to the reversal of the judgment, on the pleadings and evidence before us, has prayed that the judge below, be directed to receive new evidence.

The appellee has denied her right of appeal.

It appears to us, her minority gave her no other privilege, but that of being considered as a creditor of full age, who had appealed within the year, and the counsel of the appellee has urged, that in such a case, a separate creditor cannot appeal, but the syndics alone may exercise the right of appeal in behalf of the creditors.

Be that as it may, the present appeal must be dismissed, as the pleadings and evidence before us, do not enable us to ascertain the facts, on which the appellant rests her hopes of a reversal, and nothing authorises us to send for this evidence, as the judgment complained of cannot be reversed, if it be correct, on the pleadings and evidence before the court, at the period it was rendered.

The appeal must be dismissed, if the pleadings & evidence on the record do not enable the Supreme Court to test the correctness of the decision of the first judge.

It is true, if the facts on which the right of appeal is decreed be contested, as if the appellant's capacity as heir, to one of the original parties be denied; we direct the first judge to

Whether any creditor may appeal from a judgment against the syndics?—*Quere.*

EASTERN DIST.
January, 1832.
───────
QUESTI ET ALS.
vs.
GRIFFE.
receive evidence, to establish or disprove her capacity, as was done in the case of *Daton* vs. *Denings*. Where no objection is made to the capacity of the third party, as an appellant, but he wishes new evidence to establish that the judgment appealed from must be reversed, we are without authority to assist him. The correctness of the judgment appealed from, being to be tested by facts, pleaded and proved before its rendition.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed with costs.